THE HONORABLE RONALD B. LEIGHTON

07-CV-05005-ORD

FILED _____ LODGED
_____ RECEIVED

NOV 19 2007

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

JESSE R. CHASTEEN,

    Plaintiff,

vs.

QED SYSTEMS, INC., a corporation registered in the state of Washington

    Defendant.

NO. 07-CV-5005RBL

**STIPULATED PROTECTIVE ORDER**

**WHEREAS,** discovery and other proceedings in this action may involve the production or disclosure of confidential information;

**IT IS HEREBY STIPULATED AND AGREED,** pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and among the undersigned parties to this action, and any other person who agrees in writing to become bound by the terms of this protective order ("the Order"), subject to approval by the Court, as follows:

1.     As used herein, "Producing Party" shall refer to any person or entity producing information, documents, discovery responses or testimony in connection with this litigation.

STIPULATED PROTECTIVE ORDER- 1

DORSEY & WHITNEY LLP
A Limited Liability Partnership
U.S. Bank Bldg. Center
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101
(206) 903-8800

**Definition of Protected Information.**

2. "Confidential" information is any information, testimony, written response to discovery, document, or thing produced in connection with this litigation that is reasonably and in good faith believed by a Producing Party to contain trade secret or other confidential commercial, proprietary, personal information.

3. "Confidential - Attorneys' Eyes Only" information is any information, testimony, written response to discovery, document, or thing produced in connection with this litigation that is reasonably and in good faith believed by a Producing Party to contain trade secrets or other confidential commercial, proprietary, or personal information and which are to be produced in this action but subject to additional restrictions.

4. "Confidential" and "Confidential - Attorneys' Eyes Only" information is collectively referred to herein as "Protected Information."

5. Protected Information may include:

(a) papers, tapes, documents (including answers to interrogatories, requests for production of documents or requests for admission), disks, diskettes, and other tangible things produced by or obtained from a Producing Party;

(b) transcripts of depositions herein and exhibits thereto; and

(c) copies, extracts, notes, and complete or partial summaries, which are based wholly or in part upon the examination or review of Protected Information produced in this litigation.

**Designation of Protected Information.**

6. Where practical, the Producing Party shall designate Protected Information in document form by stamping or otherwise marking every page of the document "Confidential" or "Confidential - Attorneys' Eyes Only," or some similar language, as applicable. Other forms of Protected Information shall be so marked in any other reasonable manner appropriate to the form in which the Protected Information is produced.

DORSEY & WHITNEY LLP
A Limited Liability Partnership
U.S. Bank Bldg. Center
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101
(206) 903-8800

7. When a party initially produces documents for inspection, no marking need be made by the Producing Party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Protected Information. After documents are selected for copying, the Producing Party may appropriately mark the copies of the selected documents as Protected Information before they are produced.

8. In all other cases, designation of Protected Information shall be made at the time of production.

**Disclosure of Protected Information.**

9. Material that is designated "Confidential - Attorneys' Eyes Only" may be disclosed solely to the following persons:

   (a) the Court;

   (b) court personnel including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial;

   (c) counsel for any Party, and the paralegal, stenographic, clerical and secretarial personnel employed by such counsel; and

   (d) any third-party consultant or independent expert retained in connection with this action and who is not employed by, affiliated with (whether as a consultant or otherwise), controlled by, agents of, or materially interested in any Party, or any competitor of any Party.

10. Material that is designated "Confidential" may be disclosed solely to the persons identified above, and in addition, to the parties in this action.

11. Each party, counsel, or person identified in paragraph 9(d) above to whom "Confidential - Attorneys' Eyes Only" material is furnished, shown, or disclosed shall, before receiving access to such materials,

   (a) be provided by counsel furnishing him/her such material a copy of this Order;

   (b) agree to be bound by its terms;

STIPULATED PROTECTIVE ORDER- 3

DORSEY & WHITNEY LLP
A Limited Liability Partnership
U.S. Bank Bldg. Center
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101
(206) 903-8800

   (c) shall consent to be subject to the personal jurisdiction of the United States District Court for the Western District of Washington with respect to any proceeding relating to enforcement of this Order, including any proceeding relating to contempt of court; and

   (d) shall certify that s/he has carefully read the Order and fully understands its terms, by signing the certificate attached as Exhibit A. The certificate shall be of the form set forth in Exhibit A hereto. Any Party or counsel making disclosure to any person as described above shall retain the original executed copy of said certificate until final termination of this litigation.

**Depositions.**

12. No person shall attend portions of depositions pursuant to Federal Rules of Civil Procedure 30 or 45 at which Protected Information is disclosed unless such person is an authorized recipient under the terms of this Order. If, during the course of a deposition, the response to a question would require the disclosure of Protected Information, the witness may refuse to answer or the Party whose Protected Information would be disclosed may instruct the witness not to answer or not to complete the answer, as the case may be, until any persons not authorized to receive such information have left the room.

13. Counsel, the Producing Party, or the Parties may designate information disclosed during a deposition pursuant to Federal Rules of Civil Procedure 30 or 45 as "Confidential" or as "Confidential - Attorneys' Eyes Only," as applicable, by stating on the record before the conclusion of the deposition that the deposition contains Protected Information. Within 30 (thirty) days after the completion of the transcript of such deposition (as certified by the court reporter), Counsel for the Producing Party shall designate portions of the transcript as "Confidential" or as "Confidential - Attorneys' Eyes Only, " as applicable in a written notification served on opposing counsel. Written notification designating Protected Information shall identify the specific pages and lines of the transcript that contain Protected Information. Counsel for each party shall attach a copy of such notification to the face of the transcript and to each copy of the transcript. In addition, the portion of the deposition transcript containing

STIPULATED PROTECTIVE ORDER- 4

DORSEY & WHITNEY LLP
A Limited Liability Partnership
U.S. Bank Bldg. Center
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101
(206) 903-8800

Protected Information shall be stamped with the appropriate designation. Before the expiration of such thirty (30) day period, all information disclosed during a deposition shall be treated as Protected Information, unless otherwise designated or agreed to by the parties and the witness, or ordered by the Court.

**Erroneous or Challenged Designations.**

14. If Protected Information is produced or disclosed without having been designated "Confidential" or as "Confidential - Attorneys' Eyes Only," as applicable, but should have been so designated, future disclosure of the document or thing may be restricted in accordance with this Stipulated Protective Order by notifying the receiving parties in writing of the change in or addition of such restrictive designation with respect to the document or thing. The receiving parties shall then take reasonable steps to prevent any further disclosure of such newly designated Protected Information, except as permitted by this Order. If any receiving party objects to such revised designation within ten (10) business days of notification, the party seeking the revised designation shall apply to the Court for an Order allowing such revised designation.

15. Should any Party to whom Protected Information is disclosed object to the designation of such materials as Protected Information, that party shall notify the party making the designation, in writing, and request that the party re-classify the document, information, or testimony. If such re-classification is not forthcoming within ten (10) days, the objecting party may apply to the Court. Until the Court rules to the contrary, all materials designated as "Confidential," or as "Confidential - Attorneys' Eyes Only, " as applicable, shall be treated as such as described in this Order.

**Exceptions.**

16. Nothing herein shall prohibit a Party, or its counsel of record, from disclosing a document containing Protected Information to the person the document identifies as an author or recipient of such document, <u>or</u> to any person (including third-party witnesses) for which prior written approval for

STIPULATED PROTECTIVE ORDER- 5

DORSEY & WHITNEY LLP
A Limited Liability Partnership
U.S. Bank Bldg. Center
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101
(206) 903-8800

disclosure has been granted by the Producing Party. A Party's use for any purpose of its own documents, which that Party produces in this action, shall not be considered a violation of this Order.

17. Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

(a) at the time of disclosure hereunder, was already lawfully in possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or

(b) after disclosure hereunder, was lawfully acquired by the receiving party from a third party lawfully possessing the same and having no obligation to maintain the confidentiality of the information.

**Rights Reserved/Hearings/Trial.**

18. The foregoing is without prejudice to the right of any Party:

(a) to apply to the Court for a further protective order relating to any Protected Information for use at trial or relating to any discovery in this litigation;

(b) to object to the production of documents it considers not subject to discovery; or

(c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Protected Information material beyond the terms of this Order.

19. All materials filed with this Court that include documents revealing any Protected Information shall be filed with the Protected Information redacted. If, however, the Protected Information is relevant and necessary evidence and therefore cannot be redacted, the parties agree they will seek to file all such documents under seal pursuant to a stipulation between the parties in accord with Local Rule 5(g). All unredacted Protected Information shall be filed in sealed envelopes or other appropriately sealed containers on which shall be recorded the title of this action and a statement substantially in the following form:

STIPULATED PROTECTIVE ORDER- 6

DORSEY & WHITNEY LLP
A Limited Liability Partnership
U.S. Bank Bldg. Center
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101
(206) 903-8800

**FILED UNDER SEAL: This envelope, filed in this case by [party], contains confidential documents covered by a judicial Protective Order. This envelope is not to be opened by, nor the contents revealed to, anyone except the Court and thereafter resealed.**

20. Notwithstanding anything contained in this Order, any information, testimony, written response to discovery, document, or thing produced in connection with this litigation may be used at trial unless the Producing Party applies to the Court in advance of the pretrial conference for protection of that information, testimony or written response to discovery, document or thing at trial. If a timely application for such relief has been made, the Protected Information at issue in the application shall not be disclosed contrary to this Order pending ruling by the Court.

**Termination of Lawsuit.**

21. Within thirty (30) days of the conclusion of the trial and of any appeals, or upon other termination of this litigation, all documents, including, without limitation, all Protected Information, received under the provisions of this Order, shall be tendered back to the Producing Party, or destroyed, at the direction of the Producing Party. Any documents, papers, tapes, disks, diskettes, or other tangible things that include or contain information derived from Protected Information shall be destroyed, except that privileged documents and information in Court transcripts derived from Protected Information need not be destroyed. This paragraph shall not require the destruction of pleadings and exhibits thereto which contain Protected Information. Provisions of this Order shall continue to be binding on all persons subject to the terms of this Order until further order of this Court.

**Miscellaneous.**

22. In the event anyone shall violate or threaten to violate any terms of this Order, the aggrieved Party may seek any remedy permitted by law, including but not limited to contempt, damages

STIPULATED PROTECTIVE ORDER- 7

DORSEY & WHITNEY LLP
A Limited Liability Partnership
U.S. Bank Bldg. Center
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101
(206) 903-8800

and injunctive relief, and it shall not be a defense to a request for injunctive relief that the aggrieved Party possesses an adequate remedy at law.

23. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

24. All documents produced by, or discovery responses of, any Producing Party in these proceedings, as well as all deposition testimony in these proceedings, that are designated as "Confidential" or as "Confidential – Attorneys' Eyes Only" material shall be used for purposes of this litigation and not for any business purpose.

25. This Stipulation and Order may be signed in counterpart by the Parties' respective counsel and when signed shall become binding and effective as to each such Party.

DATED this 19th day of November, 2007.

| DORSEY & WHITNEY LLP | THE LAW OFFICES OF ALEX BUERGER |
|---|---|
| /s/ Sarah Jung Evans | /s/ Alex Buerger |
| Michael W. Droke, WSBA #25972 | Alex Buerger, WSBA #25014 |
| Sarah Jung Evans, WSBA 37409 | Attorney for Plaintiff |
| Attorneys for Defendant | Jesse Chasteen |
| QED Systems, Inc. | |

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED this 16th day of November, 2007.

_____
THE HONORABLE RONALD B. LEIGHTON

STIPULATED PROTECTIVE ORDER- 8

DORSEY & WHITNEY LLP
A Limited Liability Partnership
U.S. Bank Bldg. Center
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101
(206) 903-8800


# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, the undersigned, hereby acknowledge that I have received and read a copy of the Stipulated Protective Order ("Order") entered in *Chasteen v. QED Systems, Inc*, United States District Court for the Western District of Washington at Tacoma; 07-CV-5005RBL, that I understand the provisions in the Order; that I agree to be bound by all provisions of the Order; that I submit to the jurisdiction of the U.S. District Court for the Western District of Washington at Tacoma, for the purpose of enforcing the Order; and that I understand that sanctions may be imposed by the Court, including an order of contempt, if I fail to abide by and comply with all the terms, conditions and restrictions imposed by the Order.

_____          _____
Date                                                                 Signature

STIPULATED PROTECTIVE ORDER- 1

**DORSEY & WHITNEY** LLP
A Limited Liability Partnership
U.S. Bank Bldg. Center
1420 Fifth Ave., Ste. 3400
Seattle, Washington 98101
(206) 903-8800